# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**MICHAEL T. HARDING,**
**et. al.,**
      **Plaintiffs,**

**vs.**                                          **No. 5:09cv223/RS/MD**

**MAXIMUS MULTIMEDIA**
**INTERNATIONAL, LLC,**
      **Defendant.**

_____

# REPORT AND RECOMMENDATION

On December 3, 2009 counsel for defendant, Maximus Multimedia International, LLC (Maximus) filed a motion to withdraw, citing irreconcilable differences with his client (doc. 31). The court deferred ruling on the motion and ordered counsel immediately to provide Maximus with a copy of the motion, and confirm to the court that he had done so (doc. 37). On December 14, 2009, after counsel had complied, the court allowed Maximus until December 18, 2009 to retain counsel and for counsel to appear, and warned that because an LLC cannot represent itself, a default might be recommended if it remained unrepresented (doc. 43). When no timely appearance was made, plaintiffs moved for entry of default (doc. 46). The court took no immediate action on the motion in light of the intervening holiday period.

On December 31, 2009 Mildred M. Abdullah, Esq., (who is not a member of the bar of this court) asked to make a limited appearance to take steps to be retained by Maximus and to qualify as a member of this court's bar (doc. 48). The court granted

the motion on January 5, 2010, and stated that a member of the bar of this court must appear to represent Maximus by January 15, 2010 or default would be recommended. The court also warned that no further extensions would be granted. Counsel has not appeared.

Accordingly, it is respectfully RECOMMENDED that plaintiffs' motion for default (doc. 46) be GRANTED and that default be entered against Maximus. The clerk should be directed to serve a copy of this report and recommendation on Ms. Abdullah.

At Pensacola, Florida, this 19th day of January, 2010.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).